IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JESSIE HENLEY AND
MARY SUE HENLEY                                                             PLAINTIFFS


VERSUS                                              CIVIL ACTION NO. 1:04CV93-P-D


METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,
METLIFE AUTO & HOME, ECONOMY
PREMIER ASSURANCE COMPANY,
A-MC CONSTRUCTION, INC., BELFOR
USA GROUP, INC., ROYAL CARPET SERVICE, LLC
MICROBAN SYSTEMS, INC. AND II REP-Z, INC.                    DEFENDANTS


**ORDER**

This cause is before the Court, sua sponte, for consideration of remand. The Court, being fully advised in the premises, finds as follows, to-wit:

That the insurance defendants removed this action from the Circuit Court of Clay County on March 19, 2004. The jurisdictional basis for the removal was diversity jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiffs are Mississippi residents,[1] as are two of the named defendants, A-MC Construction, Inc. and Royal Carpet Service, LLC.[2] The insurance defendants asserted fraudulent misjoinder as a basis for disregarding the citizenship of the "noninsurance" defendants, including the two defendants identified above.

The plaintiffs did not contest the removal by filing a motion to remand; accordingly, the

---

[1] Plaintiff's Complaint at 1. Docket Entry [2]. See also Notice of Removal at 1. Docket Entry [1].

[2] Notice of Removal at 2. Docket Entry [1].

Court accepts the removing defendants' misjoinder allegations as true. No party filed a motion to sever plaintiffs' claims against the noninsurance defendants on the basis of the misjoinder. Severance would have resulted in a remand of plaintiffs' claims against A-MC Construction, Inc., Belfor USA Group, Inc., Royal Carpet Service, LLC, Microban Systems, Inc. and II Rep-Z, Inc.

In the interim following removal, the plaintiffs compromised and dismissed their claims against the insurance defendants as well as Belfor USA Group, Inc., Royal Carpet Service, LLC, Microban Systems, Inc. and II Rep-Z, Inc. The Mississippi plaintiffs' only remaining claims are against defendant A-MC Construction, Inc., a Mississippi corporation.[3] Accordingly, this court lacks subject matter jurisdiction. Title 28, section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In accordance therewith,

IT IS, THEREFORE, ORDERED AND ADJUDGED that this cause is hereby remanded to the Circuit Court of Clay County, Mississippi.

SO ORDERED, this the 5th day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Defendant A-MC, Inc.'s Answer at 2. Docket Entry [14].